IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY H. TAYLOR,<br>    Plaintiff,<br><br>v.<br><br>BLITT & GAINES, P.C. and CAVALRY SPV I, LLC,<br>    Defendants. | Lead Case No.    1:14-cv-5781<br>Companion Cases:  1:14-cv-5782<br>                        1:14-cv-6726<br>                        1:14-cv-7506<br>                        1:14-cv-7509<br>                        1:14-cv-7811<br>                        1:14-cv-8176<br>                        1:14-cv-8691<br><br>Judge John W. Darrah |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COMES Plaintiff, MARY H. TAYLOR ("Plaintiff"), by and through her counsel, Sulaiman Law Group, Ltd., responding to BLITT AND GAINES, P.C. and CAVALRY SPV I, LLC (collectively, "Defendants") Motion for Judgment on the Pleadings as follows:

**INTRODUCTION**

Defendants urge this Court to enter judgment on the pleadings based upon their assertions that Plaintiff does not have a "complete" cause of action because Plaintiff was not served with the underlying lawsuit, causing a immateriality that defeats Plaintiff's claim. Defendants position ha no legal basis under the Fair Debt Collection Practices Act ("FDCPA"). Defendants' Motion for Judgment on the Pleadings ("Defendants' Motion") fails to present any legal authority that is applicable to this case.

In particular, Defendants discuss five cases in which they rely on in support of the notion that because Plaintiff was not served in the underlying collection case, the Plaintiff does not have

a complete cause of action: *See Knight v. Blatt, Hasenmiller, Leibsker & Moore, LLC, et. al.*, No. 14-cv-8169 (N.D. Ill. May 6, 2015)(Norgle, J.); *Sanchez v. Pressler & Pressler, LLP*, No. 12-6309, 2015 WL 532517, at *6 (D.N.J. Feb. 6, 2015); *Serna v. Law Offices of Joseph Onweteaka, P.C.*, 732 F.3d 440, 450 (5th Cir. 2013); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002); and *Bynum v. Cavalry Portfolio Servs, L.L.C.*, No. 04CV0515CVEPJC, 2005 WL 2789199, at *3 (N.D. Okla. Sept. 29, 2005). However, Defendants fail to cite to the only case that has controlling precedent; *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1083 (7th Cir. 2013).

Defendants also rely on two cases to support their position that the immateriality of the alleged violation defeats Plaintiff's claim: *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643 (7th Cir. 2009) and *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009). These cases that Defendants rely upon are inapplicable to the instant case because Plaintiff's claims are not predicated upon a violation of section 1692e (a false or misleading statement). In this case, Plaintiff claims that Defendants violated section 1692i by filing a collection lawsuit in an improper and inconvenient judicial district. The act of filing the lawsuit in an improper venue is sufficient to establish a violation of §1692i. Furthermore, Defendants' inventive argument that the state of mind of a consumer is relevant when deciding whether a violation of the FDCPA's venue provision has occurred discredits the Seventh Circuit's well-reasoned ruling in *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1083 (7th Cir. 2013).

### **RELEVANT FACTS**

The facts in this case are simple and undisputed. Defendants filed a debt collection case ("collection case") against Plaintiff in Cook County's First Municipal District, a district in which Plaintiff did not reside in or sign the underlying contract in. By doing so, Defendants violated the

FDCPA's venue provision, which requires that a debt collector sue a consumer in the judicial district or similar legal entity in which he resides or signed the underlying contract. 15 U.S.C. §1692i(a)(2). "The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor." *Blakemore* v. *Pekay*, 895 F.Supp. 972, 978 (N.D. Ill. 1995). Section 1692i(a)(2) creates a statutory tort, which is *completed* upon the filing of an action in an improper venue. *Oglesby* v. *Rotche*, 1993 WL 460841, at *10 (N.D. Ill. 1993).

The heart of this case is the Seventh Circuit's ruling in *Suesz*. On July 3, 2014, the Seventh Circuit held that the term "judicial district or similar legal entity" in the FDCPA's venue provision is the smallest geographical area that is relevant for determining venue in the court system in which the case is filed. *Id.* at 645. In doing so, the *Suesz* court expressly overruled its prior holding in *Newsom v. Friedman,* 76 F.3d 813 (7th Cir. 1996), which had a much broader definition of the term "judicial district or similar legal entity." *Id.* at 638. Specifically, *Newsom* held that Cook County was a "judicial district" for purposes of the FDCPA. Thus, a debt collector could bring legal action against a consumer in any of Cook County's municipal districts, regardless of the municipal district the consumer resided. *Newsom,* 76 F.3d at 819. Notwithstanding its prior ruling in *Newsom,* the *Suesz* court applied its narrower interpretation of "judicial district or similar legal entity" retroactively. *Suesz,* at 649-50. Defendants now ask this Court to ignore the retroactive application mandated by *Suesz* and grant judgment on the pleadings in its favor.

Defendants' interpretation of the law is mistaken. The Seventh Circuit has already addressed the harms that the FDCPA seeks to prevent that can occur by filing a debt collection

3

action, even before service is effectuated. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1083 (7th Cir. 2013). As such, Defendants' Motion must be denied as a matter of law.

### LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

I.  **Service is not necessary to state a claim under §1692i**

The Seventh Circuit Court of Appeals in *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1083 (7th Cir. 2013), discussed the harm of a lawsuit being filed against a debtor, regardless of whether the debtor was served. The *Phillips* Court stated:

> Filing a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint--precisely the type of unfair practice prohibited by the FDCPA.

Th*e Phillips* Court further stated, "[E]ven if no debtors were harmed by being sued but not served, the district judge would have been wrong to exclude from the class the debtors who were not served. Proof of injury is not required when the only damages sought are statutory." *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 952-53 (7th Cir. 2006); *Bartlett v. Heibl*, 128 F3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Services Corp.*, F2d 775-780-81 (9th Cir. 1982)." Id. at 1083.

Here, in line with *Phillips,* Plaintiff seeks nothing more than statutory damages. Defendants' attempt to distinguish the instant matter from *Phillips* by relying on a recent decision issued by the Northern District must fail. In *Knight v. Blatt, Hasenmiller, Leibsker, & Moore, LLC.,* No. 14-cv-08169 (N.D. Ill. May 6, 2015), the Court distinguished *Phillips* from the matter before it because it noted that *Phillips* involved different sections of the FDCPA. (*Id.* at 3) The Court stated that "the purpose of the venue provision is to prevent default judgments by way of forum shopping." *Id.* It further stated, "[a]nd a default judgment cannot occur until after a party has been served." *Id*. The *Knight* decision is incorrect and flied in the face of *Phillips*.. Regardless of what section of the FDCPA is involved or what purpose is served by the FDCPA's venue provision, the Seventh Circuit could not have been more clear when it expressed that *"*filing a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers." *Phillips* at 1083.

Defendants' reliance on Judge Norgle's Order in *Knight* as well as unpublished opinions and opinions from other forums is misplaced. It is true that the Court in *Knight* relied upon the 5th Circuit decision in *Serna*; a case in which the 5th Circuit held that based upon the ambiguity of the phrase "bring any action" in the statutory language of §1692i(a)(2) that there must be service in order for a FDCPA violation to occur.

There are two strong rationales that support a finding that *Serna* is not the law in Illinois. First, *Phillips* is the controlling precedent in the Seventh Circuit and *Phillips* clearly states that the filing of a Complaint, even without service, violates the FDCPA; and Second, *Oglesby* clearly states that "section 1692i is not really a venue statute but is more in the nature of a statutory tort which is completed upon the filing of an action in an improper venue."

## II.  THE FDCPA IS A STRICT LIABILITY STATUTE

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); see *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 629 (7th Cir. 2009); *Jacobson v. Healthcare Financial Services, Inc.,* 516 F.3d 85, 89 (2d Cir. 2008). The FDCPA is a *strict liability* statute that enumerates certain abusive debt collection practices and imposes civil liability on debt collectors who engage in the prohibited conduct. The characterization of the FDCPA as a strict liability statute is generally accepted, and supported by a myriad of cases. *See, e.g., LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir. 2010); *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010); *Ellis v. Solomon and Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010); *Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir. 2009).

The Suesz court carefully analyzed the industry practice of filing debt collection law suits in inconvenient courts and considered the effects of reversing its prior decision in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 2014). Not only did the court find such a practice to be unfair, but it also decided to apply its new rule retroactively, conscientiously exposing debt collectors who relied on *Newsom* to liability under the FDCPA's venue provision.

Defendants do not deny that it filed the collection case against Plaintiff in the wrong venue. Rather, Defendants argue that in this particular case, Plaintiff was not harmed by the

improper filing because the collection case was transferred to the correct venue before Plaintiff was served with the collection case summons and complaint.

Defendants cite to *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643 (7th Cir. 2009) and *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009) to support their position. However, both those cases dealt with debt collectors' allegedly false statements that the court found would not mislead the unsophisticated consumer. Here, the question of whether the consumer was misled is not relevant; the practice filing of a debt collection lawsuit in an inconvenient forum is a violation of the FDCPA, regardless of whether the debt collector transfers the lawsuit to the correct venue before the consumer is served. It is the act of filing in the wrong venue that section 1692i prohibits. Whether the unsophisticated consumer would be materially misled by Defendants' conduct is simply not relevant in determining if section 1692i was violated.

Defendants also allege in their Motion that the Plaintiff's state of mind is always relevant and that since the Plaintiff was never served any thoughts, knowledge, feelings of abuse or unfairness regarding the collection case filed in the Daley Center could not be plausible, as Defendants allege that without service Plaintiff did not know about the case. However, this is a false statement. Plaintiff did know about the case. Plaintiff received letters from several different parties that offered to assist the Plaintiff with the collection case.

The Plaintiff's state of mind is completely irrelevant. "Forum Shopping" abuse is about the conduct of collectors, not consumers. "Forum Shopping" is about skirting the system, getting default judgments and collecting on judgments that consumers never knew about. The venue provision of the FDCPA was enacted to deter these practices. The *Phillips* court

acknowledged that injury could happen pre-service; for Defendants to allege otherwise contradicts the current law in the Seventh Circuit.

Moreover, the filing of a complaint is the debt collector's last opportunity to comply with the FDCPA. *Collins v. Erin Capital Management, LLC*, 290 F.R.D. 689 (2013), at 697; *Naas v. Stolman,* 130 F.3d 892 C.A.9 (Cal.),1997. *See also Oglesby v. Rotche*, 1993 WL 460841 (N.D.Ill.1993) (section 1692i violation occurs upon the filing of a lawsuit in the wrong venue). The violation is not negated by Defendants' remedial measures, which occurred a month after this case was filed.

Nor does the technical nature of the violation absolve Defendants from liability under the Act. In *Matmanivong v. National Creditors Connection, Inc.*, 2015 WL 536635 (N.D.Ill.2015), this Court found a debt collector liable for a violation of section 1692g(a)(3)(5) because the debt validation letter that it sent stated that the credit originator, as opposed to the debt collector, would assume the validity of the debt if undisputed under section 1692g(a)(3)(5). A debt validation letter must state the debt will be assumed to be valid *by the debt collector*. *Id.*, p. 8. The Court stated, "[b]ecause the Seventh Circuit has referred to the FDCPA as a strict liability statute in the context of other FDCPA violations, NCCI's arguably technical violations give rise to liability." *Id.*, p. 10. *See also Anderson v. Credit Bureau Collection Servs., Inc.,* 422 Fed.Appx. 534, 538–39 (7th Cir. 2011) (stating that because "the FDCPA is a strict-liability statute," a plaintiff "is entitled to sue to enforce its provisions, even the 'highly technical' ones"); *Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir. 2009) (Holding that the FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions).

Furthermore, the Court in *Matmanivong* found the debt validation letter violated the Act even though there was no evidence to suggest that the consumer even read the letter. "The fact that Matmanivong may not have read the letter does not preclude liability." *Id*., p. 8. *See also Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir.1997) (concluding that a plaintiff need not have read the letter to recover statutory damages). "If reading were an element of the violation, then Bartlett would have to prove that he read the letter. But it is not. The statute ... requires only that the debt collector 'send the consumer a written notice containing' the required information." Bartlett at p. 499 (quoting 15 U.S.C. § 1692g(a)).

*Matmanivong* and *Bartlett* are applicable to the present case. Despite the technical nature of Plaintiff's claims and the fact that Defendants transferred the collection case to the correct venue before Plaintiff was served, Defendants' liability under the FDCPA is clear. Defendants argue that Plaintiff was not prejudiced by the initial filing of the collection case, but that is not the standard under which FDCPA liability is determined. Liability under section 1692i attaches upon the filing of a debt collection lawsuit in the inconvenient forum, no matter how technical the violation. Although the Seventh Circuit has not specifically held that an FDCPA violation (in the context of filing a state lawsuit) occurs when the complaint is filed, as opposed to when the debtor is served, the following excerpt from *Phillips v. Asset Acceptance*, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) lets us know exactly how the Seventh Circuit feels about it:

> All the class members, therefore, are in the same boat, having been sued more than four years after their debts accrued—unless the judge was right to carve out debtors who were not served with the untimely complaints. His ground was that if there is no service, the debtor-Defendant has nothing to fear. That is true sometimes, but not always—probably not often. "[F]iling a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA. See 15 U.S.C. § 1692e(5) ('The threat to take any action that cannot legally be taken or that is not intended to be taken.')." *Tyler v. DH Capital Mgmt.,*

9

*Inc.*, No. 13–5021, 2013 WL 5942072, at *6 (6th Cir. Nov.7, 2013). But even if no debtors were ever harmed by being sued but not served, the district judge would have been wrong to exclude from the class the debtors who were not served. Proof of injury is not required when the only damages sought are statutory. *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 952–53 (7th Cir.2006); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780–81 (9th Cir.1982).

Here, Plaintiff need not have or allege actual damages if all that is being sought are statutory damages. Plaintiff is entitled to statutory damages if the Plaintiff can prove a violation of the Statute, and Defendants have not denied that they filed the collection case in the First Municipal District instead of the Third Municipal District of Cook County.

Defendants also want this court to believe that the fact that the Plaintiff chose to file a case in the Northern District of Illinois pursuant to the Fair Debt Collection Practices Act negates the fact that the collection case was filed in the wrong venue. This ridiculous notion is nothing more than an attempt to avoid the true issue of this case. Plaintiff, for various reasons chose to file her federal case in the federal courthouse.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Judgment on the Pleadings and grant any other relief that this Honorable Court deems just.

    Respectfully submitted,

    /s/ Penelope N. Bach
    Penelope N. Bach
    ARDC # 6284659
    *Counsel for Plaintiff*
    Sulaiman Law Group, Ltd.
    900 Jorie Boulevard, Suite 150
    Oak Brook, Illinois 60523
    (630) 575-8181
    pnbach@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on July 15, 2015, he caused a copy of the foregoing Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings to be served by ECF on:

Palak Naimesh Shah
pshah@hinshawlaw.com
Counsel for Defendants

David M. Schultz
dschultz@hinshawlaw.com
Counsel for Defendants

/s/ Penelope N. Bach